**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Aurelio Garcia Carbajal,<br><br>Petitioner,<br><br>v.<br><br>Unknown Party, et al.,<br><br>Respondents. | No. CV-25-04611-PHX-MTL (CDB)<br><br>**ORDER** |

Petitioner, a Guatemalan citizen who illegally entered the United States, was removed to Mexico during these proceedings.

1.     Petitioner's claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001) for unconstitutional indefinite detention is moot because he is no longer in custody due to his removal on December 12, 2025. (Doc. 6 at 2.); *see also McCollough v. Graber*, 726 F.3d 1057, 1060 (9th Cir. 2013). The Petition seeks a writ of habeas corpus "directing Respondents to immediately release [Petitioner]" and a writ prohibiting them from removing Petitioner from the United States. (Doc. 1 at 13.) The Court can no longer grant the relief sought in the Petition because of Petitioner's removal. Petitioner's claim for indefinite detention is no longer a live case or controversy, and it must be dismissed for lack of subject matter jurisdiction. *Spencer v. Kemma*, 523 U.S. 1, 7 (1998).

2.     Any claim for immigration officials violating due process asserted in the Petition is also mooted by Petitioner's removal. Separately, the Court finds, based on the record, that Petitioner received due process as designed by Congress in the Immigration

and Nationality Act, as amended. *Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute."). Petitioner received a notice to appear in immigration court, he was issued a final notice of removal and received protections against removal to Guatemala based on a finding of credible fear. If Petitioner wishes to pursue a civil rights claim, he must do so in a separate civil action. *See Pinson v. Carvajal*, 69 F.4th 1059 1075-76 (9th Cir. 2023) (the Court need not convert Petitioner's non-habeas claims asserted in the petition into a civil rights action).

3.     Petitioner requests that the Court grant leave to amend the Petition to assert a claim demanding return to the United States. (Doc. 8.) Petitioner does not cite, and the Court is unaware of any, authorities that would mandate that this Court order the United States government to return someone who has been, at least on this record, lawfully removed. Petitioner may assert this claim in a new Petition.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment consistent with this Order and close this case.

Dated this 17th day of February, 2026.

Michael T. Liburdi
United States District Judge

- 2 -